# EXHIBIT D

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland 21244-1850



Center for Medicaid, CHIP, and Survey & Certification

Mr. Don Gregory, Director
Bureau of Health Services Financing
Department of Health and Hospitals
Post Office Box 91030
Baton Rouge, Louisiana 70821-9030

NOV - 2 2010

Attention: Sandra Victor

RE: Louisiana 09-55

Dear Mr. Gregory:

We have reviewed the proposed amendment to Attachment 4.19-A of your Medicaid State plan submitted under transmittal number (TN) 09-55. The purpose of this amendment is to provide for supplemental payments to inpatient non-rural, non-state hospitals that enter into an agreement with a state or local governmental entity for the purpose of providing healthcare services to low income and needy patients. The state has agreed to provide certification from the governmental entities that the Intergovernmental Transfers (IGTs) are voluntary.

We conducted our review of your submittal according to the statutory requirements at sections 1902(a)(2), 1902(a)(13), 1902(a)(30), 1903(a), and 1923 of the Social Security Act and the implementing Federal regulations at 42 CFR 447 Subpart C. As part of the review process the State was asked to provide information regarding funding of the State share of expenditures under Attachment 4.19-A. Based upon your assurances we are pleased to inform you that Medicaid State plan amendment 09-55 is approved effective January 1, 2010. We are enclosing the HCFA-179 and the amended plan page.

If you have any questions, please call Sandra Dasheiff, CPA at (214) 767-6490.

Sincerely,

Cindy Mann
Director
Center for Medicaid, CHIP, and Survey & Certification

Enclosures

RECEIVED
NOV 1 0 2010
MEDICAID DIRECTOR

1

```
DEPARTMENT OF HEALTH AND HUMAN SERVICES                                    FORM APPROVED
HEALTH CARE FINANCING ADMINISTRATION                                       OMB NO. 0938-0193
```

| TRANSMITTAL AND NOTICE OF APPROVAL OF STATE PLAN MATERIAL | 1. TRANSMITTAL NUMBER: 09-55 | 2. STATE Louisiana |
|---|---|---|
| FOR: HEALTH CARE FINANCING ADMINISTRATION | 3. PROGRAM IDENTIFICATION: TITLE XIX OF THE SOCIAL SECURITY ACT (MEDICAID) | |
| TO: REGIONAL ADMINISTRATOR<br>HEALTH CARE FINANCING ADMINISTRATION<br>DEPARTMENT OF HEALTH AND HUMAN SERVICES | 4. PROPOSED EFFECTIVE DATE<br>January 1, 2010 | |

5. TYPE OF PLAN MATERIAL (Check One):

☐ NEW STATE PLAN    ☐ AMENDMENT TO BE CONSIDERED AS NEW PLAN    ☒ AMENDMENT

COMPLETE BLOCKS 6 THRU 10 IF THIS IS AN AMENDMENT (Separate Transmittal for each amendment)

| 6. FEDERAL STATUTE/REGULATION CITATION:<br>42 CFR 447.321 | 7. FEDERAL BUDGET IMPACT: *<br>a. FFY 2010 $137,921,760 *~~$0.00~~<br>b. FFY 2011 $189,144,025 *~~$0.00~~ |
|---|---|
| 8. PAGE NUMBER OF THE PLAN SECTION OR ATTACHMENT:<br>Attachment 4.19-A, Item 1, Page 10 I (4) | 9. PAGE NUMBER OF THE SUPERSEDED PLAN SECTION OR ATTACHMENT (If Applicable):<br>None (New Page) |

10. SUBJECT OF AMENDMENT: The purpose of this amendment is to provide for supplemental payments to inpatient non-rural, non-state hospitals that enter into an agreement with a state or local governmental entity for the purpose of providing healthcare services to low income and needy patients.

11. GOVERNOR'S REVIEW (Check One):
☐ GOVERNOR'S OFFICE REPORTED NO COMMENT
☐ COMMENTS OF GOVERNOR'S OFFICE ENCLOSED
☐ NO REPLY RECEIVED WITHIN 45 DAYS OF SUBMITTAL
☒ OTHER, AS SPECIFIED: The Governor does not review state plan material.

| 12. SIGNATURE OF STATE AGENCY OFFICIAL: *[signature]* | 16. RETURN TO: |
|---|---|
| 13. TYPED NAME: Alan Levine | State of Louisiana<br>Department of Health and Hospitals<br>628 N. 4th Street<br>PO Box 91030<br>Baton Rouge, LA 70821-9030 |
| 14. TITLE: Secretary | |
| 15. DATE SUBMITTED: December 30, 2009 | |

FOR REGIONAL OFFICE USE ONLY

| 17. DATE RECEIVED: | 18. DATE APPROVED: 1-02-10 |
|---|---|

PLAN APPROVED – ONE COPY ATTACHED

| 19. EFFECTIVE DATE OF APPROVED MATERIAL:<br>JAN - 1 2010 | 20. SIGNATURE OF REGIONAL OFFICIAL: *[signature]* Bill Crowl p cn |
|---|---|
| 21. TYPED NAME: William Lasowski | 22. TITLE: Deputy Director, CMCS |

23. REMARKS:

* ~~The fiscal impact is unable to be determined at this time as this is a new process for the state and so no hospitals have qualified yet.~~

\* Pen and ink change requested by Allyson Lamy, LA Program Manager, on 9/29/10.

FORM HCFA-179 (07-92)

2

STATE PLAN UNDER TITLE XIX OF THE SOCIAL SECURITY ACT  ATTACHMENT 4.19-A
MEDICAL ASSISTANCE PROGRAM  Item 1, Page 10 1 (4)

STATE OF <u>LOUISIANA</u>
PAYMENT FOR MEDICAL AND REMEDIAL CARE AND SERVICES

METHODS AND STANDARDS FOR ESTABLISHING PAYMENT RATES – OTHER TYPES OF CARE OR SERVICE LISTED IN SECTION 1902(A) OF THE ACT THAT IS INCLUDED IN THE PROGRAM UNDER THE PLAN ARE DESCRIBED AS FOLLOWS:

I. **Supplemental Payments for Low Income and Needy Care Collaboration Hospitals**

   Effective for dates of service on or after January 1, 2010, quarterly supplemental payments will be issued to qualifying non-rural, non-state acute care hospitals for inpatient services rendered during the quarter. Maximum aggregate payments to all qualifying hospitals in this group shall not exceed the available upper payment limit per state fiscal year.

   1. <u>Qualifying Criteria</u>. In order to qualify for the supplemental payment, the non-rural, non-state hospital must be affiliated with a state or local governmental entity through a Low Income and Needy Care Collaboration Agreement.

      a. A non-state hospital is defined as a hospital which is owned or operated by a private entity.

      b. A Low Income and Needy Care Collaboration Agreement is defined as an agreement between a hospital and a state or local governmental entity to collaborate for purposes of providing healthcare services to low income and needy patients.

   2. <u>Reimbursement Methodology</u>. Each qualifying hospital shall receive quarterly supplemental payments for the inpatient services rendered during the quarter. Quarterly payment distribution shall be limited to one-fourth of the lesser of:

      a. the difference between each qualifying hospital's inpatient Medicaid billed charges and Medicaid payments the hospital receives for covered inpatient services provided to Medicaid recipients. Medicaid billed charges and payments will be based on a 12 consecutive month period for claims data selected by the Department; or

      b. for hospitals participating in the Medicaid Disproportionate Share Hospital (DSH) Program, the difference between the hospital's specific DSH limit and the hospital's DSH payments for the applicable payment period.

# Prospective Conditions of Participation in the Louisiana Private Hospital Upper Payment Limit Supplemental Reimbursement Program

The Louisiana Department of Health and Hospitals (DHH) is establishing conditions of participation for private hospitals and Louisiana units of state or local government to participate in the Louisiana private hospital upper payment limit supplemental reimbursement program (Private Hospital UPL), which includes Medicaid supplemental payments under Louisiana State Plan Amendments TN 09-55, 09-56 and 10-26. The conditions will be effective and will apply to all payments made under these State Plan Amendments.

## I. No linkage between Indigent Care obligations and UPL Payments

The indigent care obligation of a private hospital that is collaborating with a governmental entity for purposes of participation in the Private Hospital UPL supplemental payment program will not be conditioned or measured by the amount of supplemental payments a private hospital receives under the program. Likewise, the amount of supplemental payments a private hospital receives under the Private Hospital UPL supplemental payment program will not be conditioned or measured by the amount of indigent care the private hospital provides, subject to the documentation and evaluation conditions described in sections I.A and III below. A participant may consider the amount of supplemental payments it expects to receive in deciding whether, and to what degree, it will participate in the indigent care program. A government entity may consider the historical experience in the indigent care program in deciding whether to make a contribution of funds, or the amount of such contribution.

A private hospital receiving Medicaid supplemental payments may not be assigned the indigent care contractual or statutory obligations of a contributing governmental entity. However, a private hospital that receives Medicaid supplemental payments may provide indigent care by entering into its own arrangements (contractual or otherwise) with health care providers that had previously provided indigent care services to the contributing governmental entity.

### A. Permissible documentation

In determining whether to contribute funds to provide the state share of supplemental payments and/or the amount of such contribution, a governmental entity may rely on documentation that demonstrates the amount and types of indigent care needs in the community and the amount and types of health care (including indigent health care and Medicaid services) historically provided in the community. The governmental entity may not condition the amount to which it funds the non-Federal share of supplemental payments on a specified or required minimum amount of prospective indigent care.

Any documentation utilized in connection with a contribution of funds shall be publicly available for review.

### B. Certification

DHH will require certifications from both funding governmental entities and private hospitals that affirm the following:

4

(1) That there is no agreement to condition the amount contributed by the government entities nor the amount of Medicaid supplemental payments on the amount of indigent care a private hospital has provided or will provide;

(2) That there is no agreement to condition the amount of the private hospital's indigent care obligation on the amount contributed by the government entities nor the amount of any Medicaid supplemental payment the hospital might receive;

(3) That no escrow, trust, or other funding mechanism exists, the amount of which is conditioned or contingent on the amount of indigent care services provided or to be provided by private hospitals receiving Medicaid supplemental payments; and that any escrow, trust or other funding mechanism utilized in connection with an anticipated contribution from a governmental entity has been disclosed to DHH and is in no way intended to facilitate or constitute a quid pro quo for the provision of indigent care services by or on behalf of the private hospitals; and

(4) That the governmental entity has not received and will not receive refunds of payments the governmental entity made or makes to the private hospitals for any purpose in consideration for an IGT by the government entity to fund Medicaid supplemental payments.

A governmental entity may retrospectively evaluate the amount and impact of a hospital's indigent care delivery during the period it receives supplemental payments and can rely on such historical information in determining whether, and to what degree, it will make a contribution and/or set aside government funds in an escrow account in the future.

## II. No cash or in-kind transfers

The Private Hospital UPL supplemental payment program must not include cash or in-kind transfers from collaborating private hospitals to the governmental entities that supply the state share of Medicaid supplemental payments other than transfers and transactions that are unrelated to the administration of the Private Hospital UPL supplemental payment program and/or the delivery of indigent care services and represent:

(1) Fair market value for goods and/or services rendered to the private hospital; and

(2) Independent, bona fide transactions negotiated at arms-length and in the ordinary course of business between the hospital and the governmental entity.

2

## III. Performance evaluations allowable

### A. Authority of Governmental Entity to Evaluate Impact

A governmental entity that supplies the state share of Medicaid supplemental payments under State Plan Amendments TN 09-55, 09-56 and 10-26 must, consistent with its fiduciary duty under the Louisiana Constitution and state law, have the ability to determine whether its investment of taxpayer funds increases the level of indigent care provided in the community and improves access to care for the needy in its community.

### B. Audit Authority

To that end, a governmental entity may implement reasonable pre- and post performance evaluation measures to—

(1) Determine whether to execute a Low Income and Needy Care Collaboration Agreement with a private hospital;

(2) Determine whether to continue a Low Income and Needy Care Collaboration Agreement with a private hospital; and

(3) Provide accountability to local taxpayers.

### C. Pre-performance Evaluation Criteria

A governmental entity may consult with community leaders, advocates for the poor, and other stakeholders in assessing the opportunities to improve access to health care for indigent persons residing in the community through participation in the Private Hospital UPL supplemental payment program. These efforts can be documented in a form acceptable to the governmental entity to confirm achievement of the governmental entity's mission and provide an appropriate and constitutional basis on which to supply taxpayer funds to the State for the purpose of supplying the state share of costs.

This documentation, however, must not include:

(1) A commitment that a private hospital perform or supply an amount of indigent care that is determined or measured on the basis of the amount of Medicaid supplemental funds it receives; or, a commitment that a government entity will contribute as the non-Federal share of Medicaid supplemental payments an amount that is determined or measured by the amount of indigent care a hospital performs or supplies.

(2) An agreement to refund any type of payments made by the governmental entity to the private hospital; or

(3) An assessment of a hospital's performance based solely on the amount of services the hospital provides to Medicaid recipients.[1]

### D. Post-performance Evaluation Criteria

A governmental entity may retrospectively evaluate the performance of a private hospital that is collaborating with the governmental entity to determine whether the hospital's participation benefited the community and whether its continued participation in the program is likely to continue benefiting the community. The governmental entity may collect, analyze, and report such data to the taxpayers on a post-hoc basis on an annual, semi-annual, or quarterly schedule. The governmental entity may not attempt to recoup funds from a private hospital that it determines has not adequately performed under the Low Income and Needy Care Collaboration Agreement.

78016

---

[1] A governmental entity may take into account all forms of indigent care, charity care, or care to the needy a collaborating private hospital provides, including care to Medicaid recipients; provided, however, the amount of Medicaid services is not the sole criterion.